## MORISON v TEARE et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12991. Decided July 14, 1933

M. B. & H. H. Johnson, Cleveland, and John L. Cowan, Cleveland, for plaintiff.
Joy Seth Hurd, Cleveland, for defendants.

BLOSSER, PJ, MIDDLETON and MAUCK, JJ (4th Dist), sitting.

## STATEMENT OF FACTS

By MAUCK, J.

Nellie C. Morison filed two actions in the Court of Common Pleas to recover judgment upon two promissory notes and to foreclose mortgages given to secure them. The notes were signed by Emma C. Teare and Edward J. Teare and made payable to the order of Thomas A. Morison and by him endorsed to the plaintiff. The two actions were consolidated and tried as a consolidated case. The first answer of the defendants was to the effect that at the time the notes and mortgages were given by them to Thomas A. Morison the parties mentioned were partners in developing the real estate described in the mortgage and that to accomplish this development the defendants took title to the property from Morison and gave him the notes and mortgages sued upon to evidence his interest as a partner. Later an amended answer was filed abandoning the claim of

partnership and pleading that the defendants held the property as trustee for the benefit of a building and investment company and for said Thomas A. Morison, and that the circumstances of the transaction were within the knowledge of the plaintiff and indeed that she was one of the owners of said property at the time of conveyance; that the purpose of said trusts was to improve and sell said property and divide the profits in the manner set forth in the answer between the investment company and Morison. Issue was joined upon these pleadings and trial had, and from the decree of the Common Pleas Court an appeal was taken to this court.

The defendants admit that they signed the notes and mortgages in question and that the title to the real estate described in the mortgages was in Mrs. Teare at the time the mortgages were given. It is not disputed that the payee, Thomas A. Morison, assigned these notes to the plaintiff, his stepmother, before the same became due and for value. The claim of the defendants is that the notes and mortgages were "phony" (Record, p. 126); that Thomas A. Morison refused to put the actual contract between the parties in writing, and that the notes and mortgages were only made and delivered as a memorandum of his interest in the business arrangement, and that the plaintiff was aware of this situation when she purchased the notes and mortgages. To establish this defense the defendants entirely fail to show that the plaintiff had any interest in the property in question or any knowledge of the deal made by Thomas A. Morison and the defendants except so far as they attempted to show that Thomas A. Morison before the notes and mortgages were given advised his stepmother by telephone of the character of deal he was going to make. Practically all those interested in the defense testify to being present when the deal between Morison on the one side and the Teares and their associates on the other was consummated and that Morison reported the confirmation of the deal over the telephone to some one whom he said was the plaintiff. If all that the defendants claim that Morison told plaintiff was in fact told her we doubt whether enough was said to put her upon notice. Certainly it does not clearly appear that in any telephone conversation Morison made it clear that the notes and mortgages were "phony" and that there was a side agreement nullifying the notes and mortgages. It is not necessary, however, for us to analyze the telephone conversation. Mrs. Morison says that she never had any such conversation. Thomas A. Morison does not testify. The defendants only claim that Thomas A. Morison said that he was talking to the plaintiff and that the tenor of his conversation so indicated. There is not a scrap of competent evidence linking the plaintiff up with the claimed notice and whatever was said by Morison at that time, if anything, was not brought home to the plaintiff. The testimony wholly fails. The plaintiff was clearly a holder in due course without notice.

It is further suggested that the plaintiff admits the agency of her stepson on page 212 of the record. We can not so find. She only admits that she relied upon Thomas' word, not that she authorized him to act for her.

Plaintiff is entitled to a judgment and decree as prayed for.

Judgment and decree for plaintiff.

BLOSSER, PJ and MIDDLETON, J, concur.